## 53635. VAUGHN v. RECLAIMED HOMES, INC.

SMITH, Judge.

Vaughn brought an action against Reclaimed Homes, Inc., to recover the value of personal items destroyed when a mobile home Vaughn had bought from Reclaimed Homes was destroyed by fire. At the close of Vaughn's evidence, a directed verdict was entered in Reclaimed Homes' favor. Vaughn's appeal contends issues of fact remained for determination by the jury, and it enumerates error on the exclusion of certain testimony offered by Vaughn. Because issues of fact remained, the directed verdict was error and the judgment is reversed.

1. In his complaint, Vaughn alleged, "Plaintiff also paid Defendant for insurance coverage on said home and his contents and belongings." In its answer, Reclaimed Homes admitted this allegation. Thus, there was no question as to the existence of a contract to buy insurance.

Vaughn introduced evidence at trial showing that no such insurance policy had been bought for him, and he showed that he had incurred a loss of personal property. There being a question, therefore, of whether Reclaimed Homes had breached its contractual duty to buy insurance for Vaughn, and there being a question of the damages caused by any such breach, a directed verdict was error.

2. The complaint also sounded in tort, alleging that the fire had resulted from Reclaimed Homes' negligence. There was only vague, conjectural testimony tending to show the fire was caused by electrical malfunction, and there was no evidence showing Reclaimed Homes had negligently completed any of the home's wiring. The directed verdict as to the tort claim was proper.

3. The enumerations of error concerning the admissibility of certain testimony are without merit. For the reasons above, the judgment is reversed as to the directed verdict on the contract claim, and it is affirmed as to the directed verdict on the tort claim.

*Judgment reversed in part and affirmed in part. Bell, C. J., and McMurray, J., concur.*

Submitted March 1, 1977 — Decided June 2, 1977.

*Jack Dorsey,* for appellant.
*Rose & Stern, George S. Stern,* for appellee.